IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MARVIS L. EVANS,             )
                             )
        Petitioner,          )
                             )
                             )   CIV-10-489-W
v.                           )
                             )
GREG PROVINCE,               )
                             )
        Respondent.          )

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging his convictions for Robbery with a Firearm after former conviction of two or more felonies and Possession of a Firearm After Felony Conviction entered in the District Court of Oklahoma County, Case No. CF-2005-3586. Respondent has moved to dismiss the Petition and filed the relevant state court records. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that Respondent's Motion to Dismiss be denied and the action be stayed until 30 days after Petitioner's state court remedies are fully exhausted.

In a jury trial conducted in the District Court of Oklahoma County, Oklahoma, Case No. CF-2005-3586, Petitioner was convicted of the offenses described above.[1] Consistent

---

[1] Petitioner was also convicted of the offense of Pointing a Firearm at Another after two or more prior felony convictions. However, this conviction was reversed on appeal.

1

with the jury's recommendation, Petitioner was sentenced to serve two, consecutive 20-year terms of imprisonment for these convictions.

In his direct appeal, Petitioner asserted that his right to be free from double jeopardy was violated and insufficient evidence was presented at trial to support the convictions. These claims were rejected by the Oklahoma Court of Criminal Appeals ("OCCA") in an unpublished decision. Brief in Support of Motion to Dismiss, Ex. 1 (<u>Evans v. State of Oklahoma</u>, No. F-2007-848 (Okla. Crim. App. Dec. 19, 2008)(unpublished summary opinion)). In October 2009, Petitioner filed an application for post-conviction relief in the trial court. <u>Id.</u>, Ex. 2. In this application, Petitioner asserted that he was denied effective assistance of trial counsel and denied effective assistance of appellate counsel because his appellate counsel failed to assert in his direct appeal a claim of ineffective assistance of trial counsel. According to Respondent, this application was denied by the trial court, although neither Petitioner nor Respondent have provided the Court with a copy of the decision. Respondent has provided a copy of a docket sheet from the Oklahoma State Courts Network website. The docket sheet indicates Petitioner has appealed the denial of his post-conviction application and the appeal is pending before the OCCA. <u>Id.</u>, Ex. 3.

Even though Petitioner has not expressly asserted in the Petition the two Sixth Amendment claims presented in his state court post-conviction proceeding, Petitioner states in the Petition that he intends to seek leave to amend the Petition in order to assert the new claims if and when he is denied relief concerning these claims in his post-conviction appeal.

Respondent has moved to dismiss the Petition on the basis that Petitioner has not

exhausted available state court remedies concerning the Sixth Amendment claims. In his response to Respondent's Motion to Dismiss, Petitioner reaffirms his intention expressed in the Petition to seek leave to amend the Petition to include the new Sixth Amendment claims. Petitioner states that he omitted the Sixth Amendment claims from the Petition because of his concern that the 28 U.S.C. § 2244(d)(1) one-year period of limitation would expire if he delayed filing his Petition until the post-conviction appeal was resolved. This reasoning misreads the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), as explained below. Assuming that the OCCA affirms the trial court's denial of post-conviction relief and that this decision is entered prior to this Court's resolution of the instant habeas proceeding, Petitioner asks the Court to "assure" him he will eventually be granted leave to amend his Petition to include the Sixth Amendment claims. Petitioner states that if the Court cannot provide this assurance he desires to proceed without the as-yet-unexhausted Sixth Amendment claims.

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); see 28 U.S.C. §2254(b)(1). Generally, courts should dismiss unexhausted claims without prejudice to allow the petitioner to return to state court. Bland v. Sirmons, 459 F.3d 999, 1012 (10th Cir. 2006). However, application of the total-exhaustion rule is impacted by the AEDPA's limitation period.

3

Under 28 U.S.C. § 2244(d)(1), a one-year limitation period applies to an application for a writ of habeas corpus filed in federal district court. With respect to Petitioner's habeas Petition, the one-year limitation period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[2] The one-year time limit is tolled while "a properly filed application for State post-conviction, or other collateral review with respect to the pertinent judgment or claim, is pending." 28 U.S.C. § 2244(d)(2).

Petitioner's convictions in Case No. CF-2005-3586 became "final" under 28 U.S.C. § 2244(d)(1)(A) on March 19, 2009, when the 90-day time limitation for Petitioner to seek certiorari review of the OCCA's decision with the United States Supreme Court expired.[3] Locke v. Saffle, 237 F.3d 1269, 1272 (10th Cir. 2001)("Under the statute, a petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until ...'after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed.'")(quoting Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999), cert. denied, 528 U.S. 1084 (2000)). Petitioner therefore had one year from March 19, 2009, to file his federal habeas petition commensurate with 28 U.S.C. § 2244(d)(1). Approximately seven months later, and within the one-year limitation period, Petitioner filed a state court

---

[2]None of the alternative circumstances described in § 2244(d)(1) for commencement of the limitations period are applicable to the instant Petition.

[3]See Rule 13.1, Rules of the Supreme Court (applicant for certiorari has 90 days from date of judgment to file petition for writ of certiorari); 28 U.S.C. § 2101(d).

post-conviction proceeding in October 2009. Pursuant to 28 U.S.C. § 2244(d)(2), this filing tolled the running of the § 2244(d)(1) limitation period until the post-conviction proceeding ends or is resolved on appeal.

Despite Petitioner's notice to the Court in his pleadings that he intends to seek leave to amend his Petition to raise the Sixth Amendment claims now pending before the OCCA, the Petition itself raises only the claims that Petitioner raised in his direct appeal. Respondent, nevertheless, seeks to have the Petition construed to assert the unexhausted claims raised in Petitioner's state court post-conviction proceeding and to have the Petition, so construed, dismissed without prejudice.

In seeking dismissal of the Petition on the ground that it raises both exhausted and unexhausted claims, Respondent has not addressed the propriety of the stay-and-abeyance approach fashioned in Rhines v. Weber, 544 U.S. 269 (2005), for habeas petitioners in similar circumstances. In Rhines, the Supreme Court reasoned that, although federal courts must follow the total exhaustion requirement recognized in Rose v. Lundy, 455 U.S. 509 (1982), the dismissal of a habeas petitioner's "mixed" petition containing exhausted and unexhausted claims could result in a procedural bar preventing the petitioner from ever obtaining federal habeas review. The Court referred to instances in which "a district court dismisses a mixed petition close to the end of the 1-year period" of limitation. Id. at 1533. In these "limited circumstances," the Court found that "stay and abeyance should be available," so long as the district court exercises its discretion to structure the stay by "plac[ing] reasonable time limits on a petitioner's trip to state court and back." Rhines, 544

U.S. at 277-278.

If either a dismissal without prejudice or application of the stay-and-abeyance approach are not deemed to be appropriate options, the Court must consider the consequences of considering only the exhausted claims asserted in the Petition. If the Court should deny the Motion to Dismiss and consider the merits of the Petition in its current form,[4] Petitioner runs the risk that a subsequent petition, which is filed at a later date and raises the newly-exhausted claims, will be found to be a "second or successive" petition. See 28 U.S.C. § 2244(b)(1). Petitioner cannot later assert that his subsequent petition is not a "second or successive" petition merely because his new claims were unexhausted at the time he filed the instant Petition. The Supreme Court has explained that such "reasoning conflicts with both Lundy and § 2244(b)" and that "[s]uch a result would be inconsistent with both the exhaustion requirement, with its purpose of reducing 'piecemeal litigation,' . . . . and AEDPA, with its goal of 'streamlining federal habeas proceedings.'" Burton v. Stewart, 549 U.S. 147, 154 (2007)(internal quotations omitted). Thus, Petitioner would most likely be procedurally barred from asserting the new claims in a "second or successive" petition.

The Petition should be construed, as Petitioner clearly intends the Court to do, as raising the as-yet-unexhausted Sixth Amendment claims. Because it is apparent that Petitioner is pursuing an appeal of the denial of his post-conviction application raising these

---

[4] The Court obviously has the jurisdiction to consider the Petition in its current form. Title 28 U.S.C. § 2254(a) states that a district court "shall entertain" a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court" - even if the convictions are not final for the purpose of triggering the AEDPA's statute of limitations.

claims, dismissal of the Petition on the ground of nonexhaustion is not appropriate. Petitioner prematurely filed the Petition based on a faulty understanding of the AEDPA, and he clearly advised the Court of his desire to include the unexhausted Sixth Amendment claims but for the AEDPA's limitation provision. Thus, the Motion to Dismiss should be denied.

Although the Petition may be denied on its merits despite Petitioner's failure to exhaust state court remedies, 28 U.S.C. § 2254(b)(2), Respondent has not addressed the merits of Petitioner's claims in the Motion to Dismiss. Under the circumstances, the most appropriate action is the entry of an Order staying disposition of this matter for a reasonable period of time. Therefore, unless Petitioner expresses his desire to omit from federal habeas review the unexhausted claims within the time provided for filing an objection to this Report and Recommendation, the "mixed" Petition should be administratively stayed until 30 days after Petitioner has fully exhausted his state court remedies. Upon his receipt of the OCCA's decision in his pending post-conviction appeal, Petitioner shall file with the Court a file-stamped copy of the OCCA's decision and an amended petition asserting all of Petitioner's claims for habeas relief. Respondent's responsive pleading shall be filed within 30 days of the filing of the Amended Petition.

RECOMMENDATION

Based on the foregoing findings, it is recommended that Respondent's Motion to Dismiss be DENIED and that the Court enter an Order staying the action until 30 days after

Petitioner has fully exhausted his state court remedies. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by ___August 4th___, 2010, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation partially disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___15th___ day of ___July___, 2010.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE