IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

MARVIS L. EVANS,                    )
                                    )
                Petitioner,         )
                                    )
                                    )       CIV-10-489-W
v.                                  )
                                    )
GREG PROVINCE, Warden,              )
                                    )
                Respondent.         )


SUPPLEMENTAL REPORT  AND  RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner is challenging the convictions for

Robbery with a Firearm after former conviction of two or more felonies (count one) and

Possession of a Firearm After Former Conviction of a Felony (count two) entered in the

District Court of Oklahoma County, Case No. CF-2005-3586.   Respondent has responded

to the Petition and filed the relevant state court records, including a transcript of Petitioner's

trial (hereinafter "TR__") and the original record filed in the Oklahoma County District

Court (hereinafter "OR__").  The matter has been referred to the undersigned Magistrate

Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  For the following

reasons, it is recommended that the Petition be denied.

I. Background

In an information filed June 21, 2005, in the District Court of Oklahoma County, Case No. CF-2005-3586, Petitioner was charged with three offenses stemming from an armed robbery of a fast food restaurant on June 12, 2005. The charges included Robbery with a Firearm (count one), Possession of a Firearm After Former Conviction of a Felony (count two), and Unlawfully Pointing a Weapon at Another (count three). OR 1-2. The information was later amended to allege that Petitioner had committed these offenses after two previous felony convictions, including a prior conviction for armed robbery. OR 14.

In a jury trial conducted on June 4-6, 2007, two witnesses testified that they were employees of a Whataburger restaurant in Oklahoma City, Oklahoma, on June 12, 2005, when an individual armed with a handgun entered the restaurant, demanded the money in the restaurant's cash registers, and threatened to kill the employees. TR vol. II, at 74-76. The first prosecution witness testified that the robber was wearing a navy blue and light blue sweatshirt with a hood, commonly known as a "hoody," at the time of the armed robbery. Id. at 75. This witness testified that the robber handed him a Whataburger bag and the witness put the money in the bag. This same witness identified the handgun presented to him by the prosecutor as being the weapon used by the robber during the robbery. Id. at 77. The witness testified that after he gave the bag full of money to the robber, the robber made the employees lie down on the floor and again threatened their lives, although he then left the restaurant. Id. at 79.

This witness could not positively identify Petitioner as the robber. However, he

described the robber's physical characteristics. He also testified that on the night of the robbery, approximately 15 minutes after the robbery occurred, he identified an individual brought to him by police as the robber. Id. at 80-83. He testified that at the time of the show-up identification nearly two years earlier he was "convinced that the person that the police had in custody was the one who robbed" him and another employee. Id. at 84.

A second prosecution witness testified consistently with the first witness concerning the robbery and the robber's clothing. Id. at 93-96. This witness testified that he "believe[d]" but was not sure Petitioner was the robber, and he stated that Petitioner looked different at the time of trial. Id. at 96-97. This witness testified that shortly after the robbery he confidently and without any doubt identified an individual brought to him by police as the robber. Id. at 98.

A third prosecution witness testified that when he entered the Whataburger restaurant on the night of June 12, 2005, he saw a man wearing a navy or blue "hoody" leaving the side exit door and walk toward the alley behind the Albertsons grocery store next to the restaurant. Id. at 111, 116. This witness testified that the individual was African-American although he walked with his head down. Id. at 113.

A law enforcement officer testified that on the night of the armed robbery he was providing off-duty security at an Incredible Pizza restaurant in Oklahoma City. Id. at 121-122. He testified he received a dispatch describing the suspect who had just robbed the Whataburger restaurant and that the suspect was reported to have last been seen "running behind the Albertsons store, which is right next to the Whataburger and just west of the

Incredible Pizza company." Id. at 122-123.  The officer testified he saw an individual wearing dark clothing, including a "hoody," which matched the description of the suspect given him by his dispatcher, and the individual was walking through the Incredible Pizza parking lot with his head down and his hands in his pockets. Id. at 123-124.  The officer testified he stopped the individual, along with two more officers, and ordered the individual to get on the ground. Id. at 12123-125.  After the individual was handcuffed, the officer testified that he searched the individual and discovered a jacket under the "hoody," a Whataburger bag containing money, and a loaded, semi-automatic handgun. Id. at 126-128. The officer identified the handgun presented to him by the prosecutor as the gun he took from the suspect on the night of the armed robbery. Id. at 128-130.  An identification card found on the suspect identified him as Petitioner. Id. at 130-131.  The officer identified Petitioner as the individual he arrested that night for the armed robbery. Id. at 132-133.

Another law enforcement officer testified consistently with the first officer that Petitioner was the individual who was arrested that night in the parking lot of the Incredible Pizza restaurant and that Petitioner was carrying a handgun and a Whataburger sack full of money underneath his "hoody" sweatshirt at the time of his arrest. Id. at 160.  A third law enforcement officer testified that during transport Petitioner asked how the officers got a description of the robbery suspect so quickly. Id. at 169-170.  This officer testified that two employees of the Whataburger restaurant positively identified Petitioner as the robber when the officer took Petitioner, who was seated in the back seat of the patrol car, to the restaurant for identification purposes. Id. at 168.  The evidence showed that approximately $471.00

was discovered in the Whataburger sack. TR vol. II, at 179.

Petitioner testified at trial and denied that he was the robber, although he admitted that he was the individual who was arrested the night of the robbery and also admitted that he was guilty of the felon-in-possession offense. Id. at 196, 199-200, 204-205. He testified that the law enforcement officers who arrested him fabricated evidence by placing money found in his pocket into a Whataburger sack. Id. at 202. Petitioner testified that during his preliminary hearing he became aware of "the possible existence" of a videotape of the robbery. Id. at 210. However, the alleged videotape was not presented at trial.

Petitioner denied that he was wearing a "hoody" sweatshirt on the night of his arrest. TR vol. II, at 201. However, during cross-examination the prosecutor showed Petitioner a photograph taken of him by law enforcement officials after Petitioner's arrest, and this the photograph showed Petitioner wearing a "hoody" sweatshirt. Id. at 226-227. Petitioner admitted that he was the individual in the photograph. Id. at 227. Petitioner further admitted that he had previously been convicted of the felony offense of Robbery with Firearms and was sentenced to a 20-year term of imprisonment with five years suspended. Id. at 202-203. In addition to this prior conviction, Petitioner admitted that he was previously convicted of the felony offense of Possession of a Controlled Dangerous Substance with Intent to Distribute. Id. at 204.

The jury found Petitioner guilty of the three offenses and recommended sentences of twenty years of imprisonment for each conviction. Petitioner is incarcerated serving two, consecutive 20-year terms of imprisonment imposed for the above-described offenses. The

trial court sentenced Petitioner accordingly and ordered that the sentences in counts one and three run concurrently and the sentences in count two run consecutively to the sentences in counts one and three.

In a direct appeal, Petitioner asserted that his convictions violated constitutional and state double jeopardy guarantees. Response, Ex. 1. Specifically, he asserted that his convictions for Robbery with a Firearm and Possession of a Firearm After Former Conviction of a Felony violated the constitutional prohibition against multiple punishment for the same offense and Oklahoma's statutory double jeopardy provision, Okla. Stat. tit. 21 § 11. Petitioner also asserted that his convictions for Robbery with a Firearm and Pointing a Firearm at Another violated Okla. Stat. tit. 21, § 11. Petitioner asserted in a second proposition that the evidence was not sufficient to sustain his convictions because two prosecution witnesses, who were the victims of the robbery, could not identify Petitioner as the robber during trial and because the trial court erred in admitting out-of-court identification evidence.

In a summary opinion entered December 19, 2008, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed Petitioner's convictions in counts one and two and reversed and dismissed his conviction in count three for Pointing a Weapon at Another. The court rejected Petitioner's double jeopardy claims concerning his armed robbery and felon-in-possession convictions. The court reasoned that Petitioner "was guilty of being a felon in possession of a firearm from the minute he first took possession of the weapon that day. By enacting 21 O.S. § 1283 (2001), [Oklahoma's] legislature clearly intended to punish felons who possess

firearms, regardless of whether they actually use them to facilitate a new crime." Response, Ex. 3, at 2 (quotation marks and citation omitted). The court found, however, that Petitioner's convictions for Robbery with Firearms and Pointing a Firearm at Another violated Oklahoma's multiple punishment prohibition in Okla. Stat. tit. 21, § 11.

Applying the standard established in Jackson v. Virginia, 443 U.S. 307 (1979), for evaluating a due process challenge to the sufficiency of the evidence to support a conviction, the OCCA rejected Petitioner's remaining claim of insufficient evidence. The court found that even if the out-of-court identification evidence should not have been admitted at Petitioner's trial, "the evidence was clearly sufficient without the victims' [out-of-court] identifications. The arresting officers caught [Petitioner] within moments of the crime with evidence of the crime (and his own [identification]) on his person. Moreover, [Petitioner] made damaging admissions while being transported in the police car." Response, Ex. 3, at 3.

In October 2009, Petitioner filed a *pro se* application for post-conviction relief in the district court in which he alleged (1) he had been denied effective assistance of trial counsel because his trial counsel "failed to adequately investigate the facts of the crimes, file a motion for discovery, and contest the validity of Petitioner's prior convictions for enhancement purposes" and (2) he had been denied effective assistance of appellate counsel because his appellate counsel failed to assert his claim of ineffective assistance of trial counsel in his direct appeal. The district court denied relief, finding that Petitioner had procedurally defaulted his ineffective assistance of trial counsel claim by failing to assert it

in his direct appeal. Alternatively, the trial court reached the merits of and rejected Petitioner's assertion of ineffective assistance of trial counsel. The district court further rejected Petitioner's claim of ineffective assistance of appellate counsel. Response, Ex. 4.

In an appeal of this decision, Petitioner asserted the same claims of ineffective assistance of trial and appellate counsel. Response, Ex. 5. The OCCA affirmed the district court's decision in an order entered January 27, 2011. Response, Ex. 6 (Evans v. State, No. PC-2010-870). With respect to Petitioner's claim that his trial counsel was ineffective for not obtaining copies of videotapes of the robbery showing Petitioner was not the robber, the court found Petitioner had presented no proof to support his assertion of the existence of such a videotape. Response, Ex. 6, at 2-3. With respect to Petitioner's claim that his trial counsel was ineffective for not reviewing the prosecution's file to find a photograph showing Petitioner wearing clothing that did not match the description of the robber, the court found Petitioner had presented no proof of the existence of a beneficial photograph in the prosecution's file relevant to Petitioner's clothing description and the description of the robber. Id. With respect to Petitioner's claim that his trial counsel was ineffective for not taking depositions of the robbery victims who, upon seeing the photograph described in the previous claim, would have testified that Petitioner did not even look like the robber, the court found Petitioner did not present proof that the witnesses would have given beneficial testimony had they been deposed before trial. Id. The appellate court further found that Petitioner had not shown the result of his appeal would have been different had his appellate counsel raised the ineffective-assistance-of-trial-counsel claim. Id. at 3.

II. Petitioner's Claims

In his Amended Petition filed February 17, 2011, Petitioner asserts three grounds for habeas relief. In ground one, he asserts that his right to be free from double jeopardy was violated when he was convicted of both the armed robbery and felon-in-possession charges. In his second ground, Petitioner asserts that insufficient evidence was presented at his trial to support the convictions and that the trial court erred in admitting out-of-court identification evidence. In ground three, Petitioner contends that his appellate counsel provided constitutionally ineffective assistance by failing to assert a claim of ineffective assistance of trial counsel. Amended Petition, at 7. Respondent has answered the Petition in opposition to each of these claims.

III. Standard of Review

Because Petitioner's claims were denied by the OCCA on their merits, the Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard for reviewing his claims. Under the AEDPA, habeas relief may be awarded if the state appellate court's ruling was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The AEDPA directs courts to "ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000)(quoting H. R. Conf. Rep. No. 104-518, p. 111 (1996)). When federal law exists concerning the issue, the reviewing court must determine whether the state court decision is

either contrary to or an unreasonable application of that law. House, 527 F. 3d at 1010, 1018.

A state court decision is "contrary to" established Supreme Court precedent if the state court

either (1) reached a conclusion that contradicts governing Supreme Court precedent or (2)

reached a conclusion different from the Supreme Court on materially indistinguishable facts.

Williams, 529 U.S. at 405-406, 413.

A state court decision involves an "unreasonable application" of Supreme Court

precedent if the state court "applies [the Supreme] Court's precedents to the facts in an

objectively unreasonable manner." Brown v. Payton, 544 U.S. 133, 141 (2005); Williams,

529 U.S. at 407. See Price v. Vincent, 538 U.S. 634, 640-641 (2003). With respect to the

"unreasonable application" requirement, "it is the habeas applicant's burden to show that the

state court applied [the Supreme Court precedent] to the facts of his case in an objectively

unreasonable manner," not merely that the state court decision applied the Supreme Court

case incorrectly. Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002)(per curiam). "[W]hether

a state court's decision was unreasonable must be assessed in light of the record the [state

appellate] court had before it." Holland v. Jackson, 542 U.S. 649, 652 (2004)(per

curiam)(citations omitted). In this regard, the AEDPA mandates that factual findings made

by a state trial or appellate court are presumptively correct and may be rebutted only by

"clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

IV. Double Jeopardy

Petitioner asserts in his first ground for habeas relief that "his right to be free from

double jeopardy and double punishment was violated" as a result of his convictions for

10

Robbery with a Firearm and Possession of a Firearm After Former Conviction of a Felony. Petitioner "adopts by reference" the argument made in his appellate brief to the OCCA with respect to this issue and argues that "[t]he same general theory that the OCCA applied in reversing the Pointing a Firearm conviction on direct appeal should apply" to his Possession of a Firearm After Former Conviction of a Felony conviction. Amended Petition, at 4-5.

In Petitioner's direct appeal, the OCCA rejected this same double jeopardy claim. Petitioner has not shown that the appellate court's conclusion was contrary to or an unreasonable application of Supreme Court jurisprudence. The Double Jeopardy Clause of the Fifth Amendment, applicable to the States through the Fourteenth Amendment, "consist[s] of three separate constitutional protections," including "protect[ion] against a second prosecution for the same offense after acquittal," "protect[ion] against a second prosecution for the same offense after conviction," and "protect[ion] against multiple punishments for the same offense." North Carolina v. Pearce, 395 U.S. 711, 717 (1969).

Petitioner's allegations are directed to the Clause's protection against "multiple punishments." This provision "is designed to ensure that the sentencing discretion of courts is confined to the limits established by the legislature." Ohio v. Johnson, 467 U.S. 493, 499 (1984). Consequently, "the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent." Id.

The OCCA clearly expressed its conclusion that the Oklahoma legislature, consistent with the Oklahoma Constitution and Okla. Stat. tit. 21, §11, intended to allow Petitioner's convictions for the offenses charged in counts one and two. This conclusion is not subject

to habeas review. Estelle v. McGuire, 502 U.S. 62, 68 (1991)(recognizing that federal habeas courts have no authority to reexamine state court interpretations of state laws).

Where legislative intent is clear, the test established in Blockburger v. United States, 284 U.S. 299 (1932), is applied to determine whether the Double Jeopardy Clause of the Constitution has been violated. Under Blockburger, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Id. at 304. See Davis v. State, 993 P.2d 124, 125 n. 1 (Okla. Crim. App. 1999)("In cases of multiple punishment in a single trial, this court utilizes the 'same evidence' test (whether each offense contains an element not contained in the other).").

Under Oklahoma law, the armed robbery offense required the jury to find the elements of (1) a wrongful taking (2) of personal property (3) of another (4) from his person or immediate presence (5) against his will (6) with the use of a firearm or other dangerous weapon. Okla. Stat. tit. 21, §§ 791, 801. The felon-in-possession charge required that the jury find the elements of (1) possession of a dangerous or deadly firearm (2) following a felony conviction. Okla. Stat. tit. 21, § 1283(A).

Because each of these offenses requires proof of an element that the other does not, Petitioner's convictions for these offenses do not violate the constitutional prohibition against multiple punishments under the Double Jeopardy Clause. The OCCA's rejection of Petitioner's double jeopardy claim in his direct appeal was not contrary to or an unreasonable application of the controlling Blockburger standard, and Petitioner is not entitled to habeas

relief concerning this claim.

V. Sufficiency of the Evidence

In Petitioner's second ground for habeas relief, Petitioner asserts that the evidence admitted during his trial was insufficient to support his conviction for armed robbery. Petitioner adopts the argument asserted in his direct appeal in support of this claim, citing Jackson v. Virginia, 443 U.S. 307 (1979), and Neil v. Biggers, 409 U.S. 188 (1972), as relevant to judicial review.

In his direct appeal, Petitioner asserted that there was no eyewitness identification of Petitioner as the robber during the trial and therefore the admission of out-of-court identification evidence was improper under Jones v. State, 695 P.2d 13, 16 (Okla. Crim. App. 1985). The OCCA rejected this claim, reasoning that even if error occurred in the admission of the out-of-court identification evidence the remaining evidence presented at Petitioner's trial was sufficient for a reasonable jury to have found the essential elements of the crimes beyond a reasonable doubt. In reaching this conclusion, the court entered factual findings, and these factual findings are presumed correct because Petitioner has not overcome the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Judicial review of Petitioner's habeas challenge to the sufficiency of the evidence presented at trial "does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit." Herrera v. Collins, 506 U.S. 390, 402 (1993). For habeas review, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any

13

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319. Both direct and circumstantial evidence is considered in determining whether sufficient evidence supports a conviction. See United States v. Hanzlicek, 187 F.3d 1228, 1239 (10th Cir. 1999). Indeed, circumstantial evidence alone may support a criminal conviction. See Desert Palace, Inc. v. Costa, 539 U.S. 90, 100 (2003)("[W]e have never questioned the sufficiency of circumstantial evidence in support of a criminal conviction, even though proof beyond a reasonable doubt is required.").

Petitioner states he is raising the same claim in ground two that he asserted in his direct appeal. In his direct appeal, Petitioner asserted that the mere fact the robbery victims could not positively identify Petitioner as the robber at trial prevented the admission of any out-of-court identification evidence under the OCCA's previous decision in Jones v. State, 496 P.2d 13, 16 (Okla. Crim. App. 1985). Response, Ex. 1 (Brief of Appellant), at 17-18 ("Based on this Court's holding in Jones, the testimony of the two employees and the police officers regarding the pre-trial identification procedures in Mr. Evans' case should not have been allowed at all because neither of the eyewitnesses of the robbery identified Mr. Evans in open court as being the robber. Because the trial court erred in allowing third-party extrajudicial identification testimony, this Court should reverse all three convictions with instructions to dismiss."). Because of the improper admission of the out-of-court identification evidence, Petitioner asserted there was not sufficient evidence admitted at his trial to convict him of the armed robbery.

To the extent Petitioner is asserting a claim of improper admission of evidence under

state law, his claim is not cognizable in this federal habeas proceeding. See Smith v. Phillips, 455 U.S. 209, 221 (1982)("Federal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension."). When a habeas petitioner challenges a state court's admission of evidence, "[t]he question presented in [the habeas proceeding] is not whether th[e] evidence was admissible under state law, but instead whether considered in light of the entire record, its admission resulted in a fundamentally unfair trial." Knighton v. Mullin, 293 F.3d 1165, 1171 (10th Cir. 2002), cert. denied, 538 U.S. 930 (2003). Therefore, the Court must determine whether the admission of the out-of-court identification evidence rendered his trial fundamentally unfair.

First, to the extent Petitioner is claiming that without eyewitness identification of him during trial there was insufficient evidence to convict him of the armed robbery, his claim is without merit. Eyewitness testimony is not required to sustain a criminal conviction. See Desert Palace, 539 U.S. at 100. "[T]he focus of a Jackson inquiry is not on what evidence is missing from the record, but whether the evidence in the record, viewed in the light most favorable to the prosecution, is sufficient" for a rational jury to have found that defendant guilty beyond a reasonable doubt. Matthews v. Workman, 577 F.3d 1175, 1185 (10th Cir. 2009), cert. denied, __ U.S. __, 130 S.Ct. 1900 (2010).

Giving a generous interpretation to Petitioner's insufficient-evidence claim, Petitioner contends, as a separate issue, that unreliable out-of-court identification evidence was admitted at his trial and the admission of this evidence violated his rights to due process and a fair trial. In his appellate brief and again here in his Amended Petition, Petitioner has cited

15

Neil v. Biggers, 409 U.S. 188 (1972), and Manson v. Braithwaite, 432 U.S. 98 (1977), The OCCA did not reach the merits of any claim that the out-of-court identification evidence admitted at Petitioner's trial was unreliable and instead found that the evidence admitted at Petitioner's trial was sufficient without considering the out-of-court identification evidence. Thus, no deference to the state court's decision can be given by this Court in reviewing this issue.

The two robbery victims testified that the victims' out-of-court identification of Petitioner soon after the robbery was not the result of any coercion. However, at the time of the identification, Petitioner was handcuffed in a patrol car and among uniformed police officers. The Tenth Circuit Court of Appeals has noted that "in general, show-up identifications (those involving the identification of a single individual) are less than ideal. . . . Accordingly, such procedures 'should be employed only if compelled by extraordinary circumstances.'" United States v. Natalini, 42 Fed.Appx. 122, 127, 2002 WL 1277946, *4 (10th Cir. June 11, 2002)(unpublished op.)(quoting United States v. Newman, 144 F.3d 531, 535 (7th Cir. 1998)(citations omitted). Nevertheless, "[e]ven if an identification procedure is suggestive, the introduction of the identification evidence does not necessarily violate a defendant's due process rights." Archuleta v. Kerby, 864 F.2d 709, 711 (10th Cir.), cert. denied, 490 U.S. 1084 (1989). "The central inquiry is 'whether under the totality of the circumstances the identification was reliable.'" Id. (quoting Neil, 409 U.S. at 199).

In Neil, the Supreme Court set forth five factors relevant to an evaluation of the reliability of identification procedures: (1) the opportunity of the witness to view the criminal

at the time of the crime;(2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation. <u>Neil</u>, 409 U.S. at 199-200.

In this case, both victims had ample opportunity to see Petitioner and they provided a description to police of the robber's clothing and weapon. Their descriptions were consistent, both at the time of the robbery and at trial, and each victim's description was consistent with the other victim's description, and also consistent with the description provided by the third witness of the individual he saw leaving the restaurant. Both witnesses testified, and law enforcement officials consistently testified, that they were certain and without doubt in their identification of Petitioner at that time. Finally, the showup identification occurred only about 15 minutes after the robbery. TR vol. II, at 84.

Considering the relevant factors and the evidence in the record, the out-of-court identification evidence was reliable. Therefore, no due process right was violated by the trial court's admission of the out-of-court identification evidence. Moreover, the prosecution presented substantial evidence of Petitioner's guilt, including his own post-arrest admission. Accordingly, Petitioner's trial was not rendered fundamentally unfair by the admission of the out-of-court identification evidence. The OCCA found that the evidence presented at Petitioner's trial was "clearly sufficient" to support his convictions. In light of the record and the facts as found by the OCCA, Petitioner has not demonstrated that the OCCA's rejection of this claim was an unreasonable application of or contrary to the prevailing <u>Jackson</u>

standard. Petitioner is not entitled to habeas relief concerning this claim.

## VI. Effective Assistance of Counsel - Trial and Appellate

Petitioner contends that he was denied effective assistance of appellate counsel because his appellate counsel did not raise in his direct appeal a claim of ineffective assistance of trial counsel. The OCCA rejected the claim of ineffective assistance of appellate counsel and the underlying claim of ineffective assistance of trial counsel on their merits. Therefore, this Court should grant the OCCA's decision the deference warranted under the AEDPA.

To establish an entitlement to habeas relief concerning his allegations of ineffective assistance of appellate and trial counsel, Petitioner must satisfy both prongs of the test established in Strickland v. Washington, 466 U.S. 668 (1984); that is, he must show that his attorney's representation fell below an objective standard of reasonableness and that counsel's errors prejudiced the defense. Id. at 687. "Judicial scrutiny of the adequacy of attorney performance must be strongly deferential: '[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" United States v. Blackwell, 127 F.3d 947, 955 (10th Cir. 1997)(quoting Strickland, 466 U.S. at 689). "Moreover, the reasonableness of the challenged conduct must be evaluated from counsel's perspective at the time of the error." Id. Accord, Kimmelman v. Morrison, 477 U.S. 365, 381 (1986); Strickland, 466 U.S. at 689. Prejudice, under the second prong, is shown by demonstrating that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

Strickland, 466 U.S. at 694. "[T]here is no reason for a court deciding an ineffective assistance claim...to address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697.

The Sixth Amendment "does not require an attorney to raise every nonfrivolous issue on appeal." Banks v. Reynolds, 54 F.3d 1508, 1515 (10th Cir. 1995)(citing Jones v. Barnes, 463 U.S. 745, 751 (1983)). "It is completely reasonable, and in fact advisable, for appellate counsel to eliminate weak but arguable claims and pursue issues on appeal which are more likely to succeed." Jackson v. Shanks, 143 F.3d 1313, 1321 (10th Cir.), cert. denied, 525 U.S. 950 (1998). If an issue that appellate counsel failed to raise has merit, the court must determine whether counsel's failure to raise the issue was deficient and prejudicial. Hawkins, 185 F.3d at 1152. If the issue is meritless, its omission does not constitute deficient performance. Cargle v. Mullin, 317 F.3d 1196, 1202 (10th Cir. 2003). See Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999)(if omitted issue is meritless, then counsel's failure to raise it on appeal is not constitutionally ineffective assistance).

In his state court post-conviction appeal, Petitioner asserted, and he asserts again herein, that his trial counsel should have investigated whether the Whataburger restaurant had a videotape of the robbery, should have investigated whether another photograph existed which showed him wearing clothing that did not match the victims' description of the robber, and should have conducted pretrial interviews or "depositions" of the law enforcement officers who testified at his trial because the officers "would have had to admit that Petitioner was not wearing the same clothes as the robber was described as wearing in this case."

19

Amended Petition, at 10. None of these allegations are supported by any evidentiary materials. Petitioner's rank speculation that other, beneficial evidence existed that his trial counsel did not discover does not constitute unreasonably deficient performance. The record shows that Petitioner's trial counsel thoroughly cross-examined prosecution witnesses and presented, through Petitioner's own testimony, Petitioner's defense of innocence to the jury. Because the assertion of a claim of ineffective assistance of trial counsel would have been meritless, the failure to raise such a claim was not deficient performance by Petitioner's appellate counsel. Petitioner has not shown that the OCCA's resolution of his Sixth Amendment claims of ineffective assistance of trial and appellate counsel was contrary to or an unreasonable application of the prevailing Strickland standard. Petitioner is not entitled to habeas relief concerning this claim.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED. The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by ___May 31st___ , 2011, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate

judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___10th___ day of ___May___, 2011.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE