IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

MARVIS L. EVANS, )
)
Petitioner, )
)
vs. ) No. CIV-10-489-W
)
GREG PROVINCE, Warden, )
)
Respondent. )

## ORDER

On May 10, 2011, United States Magistrate Judge Gary M. Purcell issued a Supplemental Report and Recommendation in this matter and recommended that the Petition for a Writ of Habeas Corpus ("Petition") filed and amended by petitioner Marvis L. Evans be denied. Evans, who is seeking relief under title 28, section 2254 of the United States Code, was advised of his right to object to the Supplemental Report and Recommendation, and the matter now comes before the Court on Evans' Objection to Supplemental Report and Recommendation [Doc. 28].

Upon de novo review of the record, the Court concurs with Magistrate Judge Purcell's suggested disposition of this matter. Evans was charged in an information filed in the District Court for Oklahoma County, Oklahoma, with three offenses that arose out of an armed robbery of a fast food restaurant on June 12, 2005. State v. Evans, No. CF-2005-3586. The charges, as amended, included Robbery with Firearms, after two or more former felony convictions (Count I), in violation of 21 O.S. § 801, Possession of a Firearm (Count II), after a former felony conviction, in violation of 21 O.S. § 1283, and Pointing a

Firearm at Another (Count III), after two or more former felony convictions, in violation of 21 O.S. § 1289.16.

A jury found Evans guilty on all three counts and recommended sentences of imprisonment of twenty (20) years on each count. Evans was sentenced accordingly; the sentences in Counts I and III were ordered to run concurrently, but consecutively to the sentence in Count II.

Evans appealed, and in a Summary Opinion issued on December 19, 2008, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed Evans' convictions on Counts I and II, after rejecting Evans' arguments based upon double jeopardy and double punishment and his challenges to the sufficiency of the evidence. Evans v. State, No. F-2007-848 (Okla. Crim. App. December 19, 2008). The OCCA, however, reversed and dismissed Evans' conviction on Count III, after finding that Evans had "been punished twice for the same criminal act by his simultaneous convictions for robbery with firearms [(Count I)] and pointing a firearm [(Count III)]." Id. slip op. at 2.

Evans thereafter sought state post-conviction relief, arguing that both his trial counsel and his appellate counsel had been ineffective. He was denied relief, Evans v. State, No. CF-2005-3586 (December 9, 2009), and on appeal, the OCCA affirmed. Evans v. State, No. PC-2010-870 (Okla. Crim. App. January 27, 2011).

In his Petition, as amended, Evans has asserted three grounds for habeas relief. In Ground One, he has contended that his right to be free from double jeopardy and double punishment was violated when he was convicted on both the armed robbery and the felon-in-possession counts. In Ground Two, Evans has claimed that the evidence was insufficient to support his convictions and that the trial court erred in admitting certain out-

2

of-court identification evidence. In Ground Three, Evans has argued that his appellate counsel was ineffective, among other reasons, because he failed to assert a claim of ineffective assistance of trial counsel.

To the extent that these claims were presented to, and denied by, the OCCA on appeal, the Court may only grant habeas relief if the OCCA's adjudication of these grounds "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the [United States] Supreme Court . . . ," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d)(2).

The Court first finds that the OCCA's rejection of Evans' double jeopardy claims asserted on direct appeal was not contrary to, and did not involve an unreasonable application of, clearly-established Supreme Court precedent, including the test set forth in Blockburger v. United States, 284 U.S. 299, 304 (1932)(test to be applied is whether each offense requires proof of a different element).

As to Ground Two, the Court likewise finds no merit to Evans' arguments

(a) that the evidence was insufficient to support his conviction for armed robbery, e.g., Jackson v. Virginia, 443 U.S. 307, 319 (1979)(relevant question is whether, after viewing evidence in light most favorable to prosecution, any rational trier of fact could have found essential elements of crime beyond reasonable doubt);

(b) that the out-of-court identification testimony given by two employees of the fast food restaurant was unreliable, e.g., Neil v. Biggers, 409 U.S. 188 (1972); or

3

(c) that admission of that testimony or the testimony of the police officers regarding the extrajudicial identification rendered Evans' trial fundamentally unfair. E.g., Knighton v. Mullin, 293 F.3d 1165 (10th Cir. 2002).

As to Ground Three, the Court finds that the OCCA's rejection of Evans' claims of ineffective assistance of trial and appellate counsel was neither contrary to, nor an unreasonable application of the standards articulated by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984).

Accordingly, having found that Evans has advanced no grounds that warrant federal habeas relief, the Court

(1) ADOPTS the Supplemental Report and Recommendation [Doc. 25] issued on May 10, 2011;

(2) DENIES Evans' Petition, as amended; and

(3) ORDERS that judgment in favor of respondent Greg Province, Warden, issue forthwith.

ENTERED this 20th day of June, 2011.

LEE R. WEST
UNITED STATES DISTRICT JUDGE